UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 13-10196-02-EFM |
| **TESSA BOWLER,** | ) |
| Defendant. | ) |

### GOVERNMENT'S NOTICE PURSUANT TO
### FEDERAL RULE OF EVIDENCE 404(b)

The United States, by and through Michelle A. Jacobs, Special Assistant United States Attorney, provides notice to defendant Tessa Bowler of the government's intention to introduce evidence pursuant to Federal Rule of Evidence 404(b) at the trial of this matter.

Rule 404(b) requires the government to provide "reasonable notice … of the general nature" of evidence of other crimes, wrongs, or bad acts which the government "intends to introduce at trial." The Government intends to introduce another bad act of the defendant at trial. On April 4, 2012, the Wichita Police Department executed a search warrant at 123 S. Gordon in Wichita, Kansas to search for and collect items related to the possession and sale of methamphetamine. This was the residence of the defendant Tessa Bowler. She was located in the residence. Law enforcement located and collected the following items: multiple methamphetamine pipes and methamphetamine bongs,

$725.00 in United States Currency, numerous digital scales, two individual baggies that contained methamphetamine, pills, marijuana, numerous zip lock baggies commonly used for packaging narcotic substances, mail addressed to Tessa Bowler, and photographs of Tessa Bowler and Jacob Engstrom holding a .40 caliber Sig-Sauer.  This case was presented to the Sedgwick County District Attorney's office, and Tessa Bowler was charged and convicted of controlled substance offenses.

Evidence of bad acts may be admissible if it is "relevant" and shows "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  Fed.R.Evid. 402 and 404(b).  The court may exclude evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  Fed.R.Evid. 403.  Evidence of other crimes, wrongs or acts is admissible provided it is relevant, introduced for a proper purpose, and not unfairly prejudicial.

The court should consider four factors in determining the admissibility of evidence under Rule 404(b).  The test requires:

> (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice, and (4) pursuant to Fed.R.Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for with it was admitted.

*United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000).  Relevant evidence tends to make a necessary element of an offense more or less probable.  Fed.R.Evid. 401.  The balancing test in Rule 403 determines whether the probative value of the evidence is

substantially outweighed by the danger of unfair prejudice.  *United States v. Burgess*, 576 F.3d 1078, 1099 (10th Cir. 2009).

    a. <u>Proper Purpose</u>

The testimony is offered for the proper purpose of proving defendant's intent. "Evidence of past crimes is admissible to establish specific intent, including intent to distribute in a drug trafficking offense." *United States v. Cherry*, 433 F.3d 698, 701 (10th Cir. 2005).  Prior drug involvement can be used to show plan, motive, or intent in a drug trafficking offense.  *United States v. Ramirez*, 63 F.3d 937, 943 (10th Cir. 1995). The evidence of the prior search warrant and the evidence collected at defendant Bowler's house are proper to show that defendant had the knowledge and the intent to distribute methamphetamine.  Testimony from law enforcement will reveal that prior to obtaining a search warrant surveillance and investigation disclosed that there was a substantial amount of foot traffic at this residence and probable cause to believe that Bowler was engaged in the distribution of methamphetamine.  Additional testimony will establish that individuals that are users of methamphetamine either do not have scales, or will only have one scale.  In this case, defendant Bowler had numerous items that indicated she was involved in the packaging of methamphetamine, including a number of scales and baggies, as well as a significant amount of United States currency.  The search warrant and the items located in defendant Bowler's residence establish defendant's possession in this case, and a lack of mistake in possession of the narcotics.

b. <u>Relevance</u>

The testimony is relevant as to the drug charge as it tends to make the possession and the knowledge elements more probable. The drug possessed is the same type of narcotic, and it is packaged in the same manner. The defendant denies that the drugs located inside co-defendant's coat belong to her; therefore, defendant's knowledge is at issue in this case. Admissibility of prior acts is appropriate to prove knowledge, intent, or motive. *United States v. Sturmoski*, 971 F.2d 452, 459 (10th Cir. 1992). The prior acts evidence is also relevant when it is highly probative. Because this search warrant was executed in April 2012, only two months after the offense date in the indictment, the prior offenses are reasonably related in time. Defendant's knowledge and culpability in the prior case is relevant to establish the defendant knowingly possessed methamphetamine in this case. Possession is an element of the charged offense, and since defendant has pleaded "not guilty" every element is at issue in the case, including intent and knowledge.

The evidence is relevant because the requisite intent or knowledge of the prior case is the exactly the same for the present case and the facts are substantially similar. Defendant's possession of methamphetamine and packaging material on a prior occasion is relevant to the possession with intent to distribute charge as it makes the possession element and the knowing element more probable.

c. <u>Rule 403 determination</u>

The probative value of the evidence is substantially outweighed by the potential for unfair prejudice and confusion of the issues. The evidence is probative because it is

offered to prove an essential element of every charge in the indictment – possession of methamphetamine.

Similarity between charged conduct and prior conduct is demonstrated through "physical similarity of the acts or through the defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic offense and charged offenses." *Zamora*, 222 F.3d at 762.  The court should consider a number of factors in assessing similarity, including whether the acts occurred closely in time, geographical proximity, whether the acts share similar physical elements, and whether the charged offense and the other acts are part of a common scheme.  *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006).  In this case, the events occurred close in time.  The act the Government seeks to introduce occurred at defendant's residence, and this offense occurred just as defendant was leaving a motel where she had been staying for a period of time.  Although defendant may argue that this fact alone shows the crimes are not similar, the Government submits that individuals that engage in the action of selling and distributing narcotic substances will sell directly from their residence, and will at times deliver to their customers.  Either way, defendant was staying at the motel for a short period of time, and was arrested leaving the motel with a distribution amount, 80 grams, of methamphetamine.  At defendant's residence two months later, evidence of packaging narcotic substances was seized, along with a small amount of methamphetamine. The balancing test weighs in favor of admission of the evidence, as it will assist the jury in determining essential elements of the offense, including possession and the knowing element.

d. Jury Instruction

The district court should give a limiting instruction in this case, during trial and before deliberations. A limiting instruction should instruct the jury to restrict the evidence to its proper scope.

The evidence is relevant because the two events occurred close in time, and the defendant was involved in the distribution of the same amount of controlled substance - methamphetamine. The evidence is relevant to prove identity, intent, knowledge, motive, and preparation and plan. The probative value outweighs any unfair prejudice. The United States requests a preliminary ruling *in limine* that the proposed evidence is admissible. The ruling would permit the United States to better prepare for trial and to reference the prior contact in its opening statement.

Respectfully submitted,

BARRY GRISSOM
United States Attorney

 s/ Michelle A. Jacobs
MICHELLE A. JACOBS
Ks. S.Ct. No. 21261
Special Assistant United States Attorney
District of Kansas
1200 Epic Center, 301 N. Main
Wichita Kansas 67202
316-269-6481
Michelle.Jacobs@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Ms. Cyd Gilman, attorney for defendant Tessa Bowler.

s/ Michelle A. Jacobs
MICHELLE A. JACOBS
Special Assistant United States Attorney
